Ralph E. Hunsaker
THE CAVANAGH LAW FIRM
1850 North Central Avenue, Suite 2400
Phoenix, AZ 85004
Attorneys for Plaintiff
Telephone No.: 602-322-4000
Facsimile No.: 602-322-4100
Email: rhunsaker@cavanaghlaw.com
Attorneys for Plaintiff
ARAMARK SPORTS AND
ENTERTAINMENT SERVICES, INC.

Terence S. Cox
California State Bar No. 76142 (*Arizona Pro Hac Vice Pending*)
Mitchell S. Griffin
California State Bar No. 114881 (*Arizona Pro Hac Vice Pending*)
COX, WOOTTON, LERNER,
GRIFFIN, HANSEN & POULOS, LLP
190 The Embarcadero
San Francisco, CA  94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601
Email: tcox@cwghp.com
Email: mgriffin@cwghp.com
Attorneys for Plaintiff
ARAMARK SPORTS AND
ENTERTAINMENT SERVICES, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| ARAMARK SPORTS AND ENTERTAINMENT SERVICES, INC.<br><br>Plaintiff<br><br>v.<br><br>TWIN ANCHORS MARINE, LTD.,<br><br>Defendant. | Case No.:<br><br>**ARAMARK SPORTS AND ENTERTAINMENT SERVICES, INC.'S COMPLAINT FOR INDEMNITY/BREACH OF CONTRACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff ARAMARK SPORTS AND ENTERTAINMENT SERVICES, INC. ("Aramark") complains against defendant TWIN ANCHORS MARINE, LTD. as follows:

**JURISDICTION**

1. This Honorable Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 (diversity) because the plaintiff was both incorporated within, and has its principal place of business within the United States of America and the

defendant was both incorporated within, and has its principal place of business within Canada. The amount in controversy greatly exceeds $75,000, as more fully set out below.

2. At all times relevant to this action, plaintiff Aramark was a Delaware Corporation, with its principal place of business in Philadelphia, Pennsylvania.

3. At all time relevant to this action, defendant Twin Anchors Marine, Ltd. ("Twin Anchors") was a British Columbia Corporation, with its principal place of business in Sicamous, British Columbia.

4. Venue is proper within the District of Arizona pursuant to 28 U.S.C. §1391(b)(2), because, as more fully set out below, a substantial part of the events or omissions giving rise to this claim occurred, or a substantial part of the property that is the subject of this action is situated in this District.

## GENERAL ALLEGATIONS

5. In 2005, Aramark and Twin Anchors entered into a written "Houseboat Purchase Agreement," by which Twin Anchors agreed to construct and sell to Aramark six (6) houseboats, described in the plans and specifications ("the Agreement). Attached to this complaint as **EXHIBIT A** is a copy of the Agreement.

6. Among the provisions contained in the Agreement is a "Warranties" provision, whereby Twin Anchors warranted, among other things, that:

- Its work would be performed in accordance with the terms of the Agreement;
- The houseboats would be free from defects in design, workmanship and materials;
- Its work would meet all applicable American Boat and Yacht Council standards, as regulated and inspected by the National Marine Manufacturers Association and the United Stated Coast Guard specifications and requirements applicable to houseboats.

7. Also among the provisions contained in the Agreement is an "Indemnity" provision, whereby Twin Anchors agreed, among other things, that it would:

> Defend, indemnify and hold Aramark … harmless from and against any and all lawsuits, causes of action, claims, liabilities, damages, losses, costs and expenses (including reasonable attorneys' fees and expenses), arising out of … negligent acts or omissions or the intentional misconduct of (Twin Anchors) in the performance of

COX, WOOTTON, LERNER, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

6367827_1   COMPLAINT OF ARAMARK SPORTS AND ENTERTAINMENT SERVICES, INC.
-2-

(the) Agreement … and any breach of (the) Agreement by (Twin Anchors).

8.  The Agreement also provides that:

In the event it becomes necessary to commence a lawsuit or initiate other legal proceedings to enforce or otherwise give effect to the terms of this Agreement, the prevailing party by reason of arbitration or judgment shall be entitled to recover from the losing party the reasonable attorney fees and expenses actually expended.

9.  Twin Anchors completed construction of the houseboats that were the subject of the Agreement and delivered the houseboats to Aramark. Aramark thereafter employed the houseboats in its houseboat rental business to members of the public, on Lake Powell, on the Utah-Arizona border, which intended use was known by Twin Anchors.

10. On or about June 21, 2008, an individual named Robert Howeth rented from Aramark one of the vessels constructed and sold by Twin Anchors pursuant to the Agreement. Aramark is informed and believes and thereon alleges that the purpose of Robert Howeth's rental of the houseboat was for a family vacation. The houseboat rented by Robert Howeth was designated "T-5" and was located at Wahweap Marina, in Page, Arizona, on Lake Powell. Accompanying Robert Howeth onto the houseboat for his multi-day rental were a number of individuals ("the Howeth party"), including Glenn Howeth, whom Aramark is informed and believes and thereon alleges was Robert Howeth's brother.

11. On or about June 24, 2008, while the T-5 was on Lake Powell and still occupied by the Howeth party, one or more of the Howeth party allegedly became sick, with symptoms of vomiting, nausea, headaches and loss of consciousness. Glenn Howeth was among the Howeth party members who allegedly experienced some or all of these symptoms, before suffering a fatal heart attack.

12. Subsequent investigation revealed that the design and construction of certain elements of the exhaust system associated with the generator on the T-5 caused an accumulation of carbon monoxide ("CO") under the houseboat, where it would then migrate into the living spaces. The Howeth party alleged that the injuries and illnesses suffered by them, and the death of Glenn Howeth, was caused by CO poisoning on the T-5 ("the

COX, WOOTTON,
LERNER, GRIFFIN,
HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

6367827_1   COMPLAINT OF ARAMARK SPORTS AND ENTERTAINMENT SERVICES, INC.
-3-

incident").

13. In July of 2008, Aramark notified Twin Anchors in writing that, pursuant to the warranty and indemnity obligations in the Agreement, and warranty and indemnity obligations under applicable laws, it would hold Twin Anchors responsible for all costs, attorneys' fees, expenses, claims and damages that Aramark might incur, arising from the incident. Twin Anchors responded in writing, denying any responsibility for the incident.

14. In July of 2009, a suit for personal injuries and wrongful death was filed on behalf of the all of the members of the Howeth party, naming Aramark and Twin Anchors as defendants, among other entities.

15. All claims of the Howeth party were settled with all defendants, including Aramark and Twin Anchors, in late 2011. Aramark contributed to the settlement a sum - according to proof at trial and well in excess the $75,000 minimum required for diversity jurisdiction.

16. Aramark also expended in excess of $500,000 in attorney's fees and expenses in its defense against the Howeth party claims, no part of which was paid for by Twin Anchors.

**FIRST CAUSE OF ACTION**
**Breach of Contract**

17. Aramark incorporates and realleges all allegations and other matters set out in Paragraphs 1 through 16 of this Complaint with equal force and effect, as if set out fully herein.

18. As part of the Agreement, Twin Anchors agreed and warranted that its work would be performed in accordance with the terms of the Agreement, that its work would be free of defects in design, workmanship and materials, and that its work would meet all applicable standards set out in the Agreement.

19. Twin Anchors breached its contractual obligations to Aramark and delivered houseboats, including the T-5, that were defective in design, workmanship and materials and did not meet the applicable standards. Instead the T-5 was designed and constructed such that CO was released under the houseboat, where it accumulated and then migrated into the living spaces.

20. Twin Anchors' breaches of its contractual obligations resulted in the injuries and death alleged by the Howeth party, and also resulted in Aramark being named as a defendant in the legal proceedings involving the Howeth party.

21. As a direct result of Twin Anchors' breaches of its contractual obligations, Aramark has suffered damages according to proof at trial and well in excess of the $75,000 minimum required for diversity jurisdiction

WHEREFORE, Aramark requests judgment against Twin Anchors, as set out below.

## SECOND CAUSE OF ACTION
### Breach of Contract

22. Aramark incorporates and realleges all allegations and other matters set out in Paragraphs 1 through 21 of this Complaint with equal force and effect, as if set out fully herein.

23. Twin Anchors failed and refused, and continues to fail and refuse, to indemnify and hold Aramark harmless from and against the lawsuits, causes of action, claims and damages alleged and asserted by the Howeth party, pursuant to the Indemnity provision of the Agreement, despite the fact that the incident arose from Twin Anchors' negligence and breaches of the Agreement.

24. As a direct result of Twin Anchors' failure and refusal to comply with its indemnity obligations under the Agreement, Aramark has suffered damages according to proof at trial and well in excess of the $75,000 minimum required for diversity jurisdiction

WHEREFORE, Aramark requests judgment against Twin Anchors, as set out below.

## THIRD CAUSE OF ACTION
### Indemnity

25. Aramark incorporates and realleges all allegations and other matters set out in Paragraphs 1 through 24 of this Complaint with equal force and effect, as if set out fully herein.

26. As a result of Twin Anchors' primary and active negligence in the design, workmanship and materials used in the construction the houseboats, including the T-5, Aramark has suffered damages according to proof at trial and well in excess of the $75,000 minimum required for diversity jurisdiction.

COX, WOOTTON, LERNER, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

WHEREFORE, Aramark requests judgment against Twin Anchors, as set out below.

## FOURTH CAUSE OF ACTION
### Product Liability Indemnification

27. Aramark incorporates and realleges all allegations and other matters set out in Paragraphs 1 through 26 of this Complaint with equal force and effect, as if set out fully herein.

28. The T-5 houseboat that was sold to Aramark by Twin Anchors in this action was defective and unreasonably dangerous in its manufacture, construction, design, operation, assembly, labeling and as a result of Twin Anchors' failure to warn and protect against the danger and/or hazard in the use of the houseboat.

29. Pursuant to A.R.S. §12-681 *et seq.*, Aramark is entitled to indemnification from Twin Anchors for all sums incurred by it for damages and/or settlements paid as a result of the claims of the Howeth party, as well as attorneys' fees costs and related expenses arising from the incident and the claims asserted on behalf of the Howeth party.

WHEREFORE, Aramark requests judgment against Twin Anchors as set out below.

## FIFTH CAUSE OF ACTION
### Indemnification Pursuant to A.R.S. §12-2501, *et seq.*

30. Aramark incorporates and realleges all allegations and other matters set out in Paragraphs 1 through 29 of this Complaint with equal force and effect, as if set out fully herein.

31. By reason of the allegations contained hereinabove, Aramark is entitled to judgment for indemnification and/or contribution pursuant to A.R.S. §12-2501, *et seq.* for all sums incurred by it for damages and/or settlements paid as a result of the claims of the Howeth party, as well as attorneys' fees costs and related expenses arising from the incident and the claims asserted on behalf of the Howeth party.

WHEREFORE, Aramark requests judgment against Twin Anchors as follows.

COX, WOOTTON, LERNER, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

6367827_1 COMPLAINT OF ARAMARK SPORTS AND ENTERTAINMENT SERVICES, INC.
-6-

Case 3:14-cv-08146-MEA   Document 1   Filed 08/18/14   Page 7 of 7

## REQUESTED RELIEF

Aramark requests judgment against Twin Anchors as follows:

1) Judgment be entered in favor of Aramark, in an amount according to proof at trial, representing the amount Aramark contributed to the settlement with the Howeth party members, plus the attorneys' fees and costs, expenses, claims and damages incurred by Aramark in connection with the claims asserted by the Howeth party members;

2) For an award of attorneys fees and costs expended in this action, pursuant to the terms of the Agreement;

3) For costs of suit herein;

4) For interest on all amounts awarded at the maximum rate allowed by law;

5) Such other and further relief as the Court deems just and proper.

Dated: August 18, 2014          THE CAVANAGH LAW FIRM
                                Attorneys for ARAMARK SPORTS AND
                                ENTERTAINMENT SERVICES, INC.


                                By:  /s/ Ralph E. Hunsaker
                                     Ralph E. Hunsaker


## DEMAND FOR JURY TRIAL

Plaintiff Aramark hereby demands trial by jury in this action.

Dated: August 18, 2014          THE CAVANAGH LAW FIRM
                                Attorneys for ARAMARK SPORTS AND
                                ENTERTAINMENT SERVICES, INC.


                                By:  /s/ Ralph E. Hunsaker
                                     Ralph E. Hunsaker

COX, WOOTTON,
LERNER, GRIFFIN,
HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

6367827_1   COMPLAINT OF ARAMARK SPORTS AND ENTERTAINMENT SERVICES, INC.
-7-